UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                      NO. 3:19-cr-260-KHJ-LGI

DANIEL ROBERT;
DANITA MARTIN ROBERT; and
DALISHA MISSERIN ROBERT

ORDER

Before the Court are Defendant Daniel Robert's Motion to Sever [74], Motion

to Compel Unredacted 302s [75], and Motion for Supplemental Discovery [76]. As

explained below, Robert's motions are denied.

I.      Background

On November 6, 2019, the grand jury indicted Daniel Robert and his Co-

defendants, Danita Martin Robert and Dalisha Misserin Robert, on two counts of

attempting to threaten, intimidate, or corruptly persuade witnesses in violation of 18

U.S.C. §§ 2, 1512(b)(1). [3] at 1-2. The indictment here alleges Daniel Robert and his

Co-defendants conspired together between September 2018 and May 2019 to

influence or prevent the testimony of M.M. and L.R.—witnesses against Daniel

Robert in a different federal case, *United States v. Robert*, 3:14-cr-11-DPJ-LRA. *Id.*

This case was originally set for trial against Daniel Robert on January 6, 2020.

[14] at 1. The Court first gave Robert's Co-defendants a February 3, 2020 trial date.

[27] at 1; [34] at 1. The Government moved for a continuance to reset Daniel Robert's

trial date to February 3, 2020, for him to be tried with his Co-defendants. [41]. Robert

opposed this motion and asserted his right to a speedy trial under the Sixth Amendment and the Speedy Trial Act, 18 U.S.C. § 3161. [42]. The Court granted a continuance on December 30, 2019, finding any delay in Robert's trial as a result of the continuance was excluded from the speedy trial clock because the clock began running when his Co-defendants were arraigned. [43].

In January 2020, Robert went to trial in his other federal case, Criminal Action 3:14-cr-11-DPJ-LRA, and the jury convicted him of four counts of possession of cocaine hydrochloride with intent to distribute. *Robert*, 3:14-cr-11-DPJ-LRA, Dkt. No. 205. Robert remained in custody pending sentencing, and the Court ultimately sentenced him to serve 330 months in the custody of the U.S. Bureau of Prisons. *Id.* at Minute Entry Dated 1/23/2020, Dkt. No. 226.

During the pretrial conference in this case on January 23, 2020, Robert's counsel requested the Government stipulate which recordings it planned to use at trial. [44] at 1. Defendant Danita Martin Robert made an *ore tenus* motion to continue the trial to allow the Government time to designate the recordings it planned to present and for defense counsel to review these recordings. [44] at 1. The Court granted this motion and reset the trial date to April 6, 2020. Text Only Order dated 1/23/2020.

On March 2, 2020, Defendants Danita Martin Robert and Dalisha Misserin Robert made an *ore tenus* motion to continue the trial once more after the Government designated the recordings it planned to use. The Court granted this request, commemorating its holding in the January 23 pretrial conference and finding

the ends of justice required allowing defense counsel time to review these recordings and prepare a proper defense. [44] at 2. The trial date remained set for April 6, 2020.[1] *Id.*

Beginning in March 13, 2020, and through the present date, the Court issued a series of Special Orders because of the COVID-19 pandemic, postponing all non-essential civil and criminal matters until further notice. The Court's latest Special Order extended the restrictions on trials but suggested that multi-defendant trials were expected to resume in June 2021. Special Order #13 at 2.

Daniel Roberts' Co-defendants also moved to continue the trial settings. On March 17 and 18, respectively, Defendants Danita Martin Robert and Dalisha Misserin Robert moved to continue the trial date. [47]; [48]. Citing the Special Orders, the Court granted these motions, continuing the trial date until the criminal term beginning June 1, 2020. [49].

Robert's Co-defendants made *ore tenus* motions to continue on May 21, 2020, which the Court granted. Minute Entry dated 5/21/2020. The Court commemorated this continuance in its Order dated June 2, 2020, referencing the Special Orders on the COVID-19 pandemic, and the trial date was reset to the trial term beginning August 3, 2020. [51]

Robert's Co-defendants moved to continue again on July 22, 2020. [53]; [54]. The Court heard arguments for these motions during the scheduled pretrial conference on July 23, 2020, and Robert opposed a continuance. Minute Entry dated

---

[1] The Court found this continuance and every following continuance excludable from the computation of time under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h).

7/23/2020; Text Only Order dated 7/23/2020. Citing the Special Orders, the Court granted the motions to continue and reset the trial date for the criminal term beginning October 5, 2020. [57].

Robert's Co-defendants moved for a continuance on September 14 and 15, 2020, respectively, both referencing the COVID-19 pandemic. [59]; [60]. While the Court did not specifically grant these motions, it reset the pretrial conference for November 19, 2020. Notice dated 11/6/2020. Defendant Danita Martin Robert filed another motion to continue on November 17, 2020, citing the COVID-19 pandemic and Special Order #10. [63].

On December 1, 2020, the Court issued an Order granting Defendant Danita Martin Robert's Motion to Continue [63], finding it was impossible to safely try a multi-defendant case and citing Special Order #10. [64] at 2. Trial was reset to the criminal term beginning February 1, 2021. *Id.* All defendants but Daniel Robert agreed to this continuance. *Id.* at 2-4.

On December 11, 2020, the case was reassigned to the undersigned. [65]; [66]. The Court reset the trial date to the criminal term beginning March 1, 2021. [67].

Robert's Co-defendants moved to continue once more in February 2021, citing the COVID-19 pandemic and the Court's Special Orders. [69]; [70]. The Court continued the trial date until May 3, 2021. [71].

Robert filed his Motion to Sever [74], Motion to Compel [76], and Motion for Supplemental Discovery [76] on April 12, 2021. The Court has since continued the trial date to July 6, 2021. [80].

II.     Motion to Sever [74]

"[W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Pettigrew*, 77 F.3d 1500, 1517 (5th Cir. 1996) (quoting *Zafiro v. United States*, 506 U.S. 534, 540 (1993) (alteration in original). In ruling on Robert's Motion to Sever [74], then, the Court first looks to whether defendants are properly joined and, if they are, whether a joint trial would compromise one of Daniel Robert's trial rights.[2]

A.     Joinder is Proper

Federal Rule of Criminal Procedure 8(b) provides two or more defendants may be charged in the same indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." "As a general rule, persons indicted together should be tried together, particularly in conspiracy cases." *Pettigrew*, 77 F.3d at 1517 (citing *United States v. Neal*, 27 F.3d 1035, 1045 (5th Cir. 1994)). For joinder to be proper, the offenses charged "must be shown to be part of a single plan or scheme," proof of which "is typically supplied by an overarching conspiracy from which steams each of the substantive counts." *Id.* (quoting *United States v. Faulkner*, 17 F.3d 745, 758 (5th Cir. 1994)).

---

[2] Robert does not argue a severance is necessary to allow the jury to make a reliable judgment as to his guilt or innocence.

5

Robert and his Co-defendants are charged with aiding and abetting each other in an attempt to threaten, intimidate, or corruptly persuade witnesses M.M. and L.R. [3] at 1-2. The Court therefore finds that joinder was proper.

B.      A Joint Trial will not Compromise Robert's Trial Rights

Robert argues that, without a severance, his Sixth Amendment rights to a speedy trial and to confront the witnesses against him will be compromised. [74] at 4-5. For the reasons below, the Court finds these arguments unavailing.

1.      Speedy Trial

Robert asserts his right to a speedy trial under the Sixth Amendment will be compromised without a severance, as his Co-defendants have agreed to five continuances over his objections. [74] at 4.

To begin, joinder does not impact Robert's right to a speedy trial under the Speedy Trial Act. The Speedy Trial Act holds a defendant must be tried with 70 days of being charged in an information or indictment. 18 U.S.C. § 3161(c)(1). The Act, however, provides multiple types of delays which are excluded from the computation of the required 70 days. *Id.* § 3161(h). The Court specifically found each of the continuance to be excluded from the computation of time under the Speedy Trial Act. *See* [43]; [44]; [49]; [51]; [57]; [64]; [67]; [71]. Though Robert has a Sixth Amendment right to a speedy trial separate from the Speedy Trial Act, "[i]t will be the unusual case . . . where the time limits under the Speedy Trial Act have been satisfied but the right to a speedy trial under the Sixth Amendment has been violated." *United States v. Bieganowski*, 313 F.3d 264, 284 (5th Cir. 2002) (citations omitted).

6

In considering a Sixth Amendment speedy trial claim, the Court analyzes four factors: "(1) the length of the delay; (2) the reason for the delay; (3) whether the defendant timely asserted his right; and (4) any prejudice resulting to the defendant because of the delay." *Id.* (citing *Barker v. Wingo*, 407 U.S. 514, 530-32 (1972)).

"The length of the delay is a 'triggering mechanism,' as 'there is no necessity for inquiry into the other factors that go into the balance' until there has been some delay that is presumptively prejudicial." *United States v. Harris*, 566 F.3d 422, 432 (5th Cir. 2009) (quoting *Barker*, 407 U.S. at 530). Here, the delay between the indictment and the current trial day is twenty months. The Fifth Circuit has held "delays of less five years are not enough, by duration alone, to presume prejudice." *United States v. Parker*, 505 F.3d 323, 329 (5th Cir. 2007) (citations omitted). Delays of twelve months, fourteen months, sixteen months, and three years and nine months have all been found to be insufficient to be presumptively prejudicial under the Sixth Amendment. *Id.*; *United States v. Hernandez*, 457 F.3d 416, 421 (5th Cir. 2006); *United States v. Frye*, 372 F.3d 729, 737 (5th Cir. 2004); *United States v. Serna-Villarreal*, 352 F.3d 225, 232 (5th Cir. 2003). This factor weighs against Robert.

The reasons for the delay also weigh against Robert. Aside from the short two-month period between January 6, 2020 (Robert's initial trial date) and March 13, 2020 (the date of the Court's Special Order #1), the ongoing COVID-19 pandemic necessitated the delay in Robert's trial. The desire to try all three defendants charged in the indictment, as well as Robert's Co-defendants' request to review the recordings the Government planned to use at trial, caused the original two-month delay. There

is no evidence the delay resulted from Government's bad faith or any intent to delay the prosecution to prejudice Robert. *See Harris*, 566 F.3d at 432 (citing *Parker*, 505 F.3d at 329) (finding that the reasons for the delay weighed against defendant when there was no evidence of bad faith on the part of the Government). This factor therefore weighs against Robert.

The Government concedes Robert has regularly asserted his right to a speedy trial and that this favor weighs in his favor. [78] at 13. The Court therefore moves to the final factor: prejudice to Robert.

When the first three factors do not weigh heavily in favor of a defendant, he is not entitled to a presumption of prejudice but must show actual prejudice. *Harris*, 566 F.3d at 433 (citing *Frye*, 372 F.3d at 209). "Actual prejudice is assessed in light of the three following interests of the defendant: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired." *Id.* (quoting *Barker*, 407 U.S. at 532) (internal quotations omitted). The Supreme Court has emphasized the most significant of these factors is the potential impairment to the defense. *Barker*, 407 U.S. at 532. On the whole, these interests weigh against Robert.

Because Robert is serving the 330-month sentence imposed on him in the related case, there is no need to prevent oppressive pretrial incarceration in this case. And though Robert makes a conclusory reference to "his anxiety and stress of preparing then delaying his trial," he offers no evidence to support this claim. Nor

does he argue any delay will impair his ability to mount a defense. The Court therefore finds that this final factor also weighs against Robert.

Because the Court does not find the factors of a Sixth Amendment speedy trial claim favor Robert, the Court denies his Motion to Sever [74].

### 2.     Right to Confront Witnesses

Robert also argues a joint trial will compromise his rights under the Confrontation Clause of the Sixth Amendment because the Government intends to introduce "several jailhouse audio recordings" between his Co-defendants, in which Robert claims he did not participate. [74] at 5. Robert contends these recordings are hearsay evidence and are inadmissible against him under the Sixth Amendment. *Id.* The Government responds that these recordings are admissible under Federal Rule of Evidence 801(d)(2)(E) and therefore do not violate Robert's Sixth Amendment rights. [78] at 8.

The Supreme Court has held there is no Confrontation Clause violation where a co-conspirator's out-of-court statement meets the requirements of FED. R. EVID. 801(d)(2)(E).[3] *Bourjaily v. United States*, 483 U.S. 171, 183-84 (1987). To admit statements under this rule, the Government must show, by a preponderance of the evidence, "(1) the existence of a conspiracy, (2) the statement[s] w[ere] made by a co-conspirator of [Robert]; (3) the statement[s] w[ere] made during the course of the conspiracy, and (4) the statement[s] w[ere] made in furtherance of the conspiracy."

---

[3] Robert's reliance on the Supreme Court's precedent in *Bruton v. United States*, 391 U.S. 123 (1968), is misplaced. *Bruton* dealt with the admissibility of a co-defendant's confession, not statements made in furtherance of a conspiracy under FED. R. EVID. 801(d)(2)(E). *Id.* at 124-25.

*United States v. Robinson*, 367 F.3d 278, 291-92 (5th Cir. 2004) (quoting *United States v. Solis*, 299 F.3d 420, 443 (5th Cir. 2002)). Though the rule requires a "conspiracy," an actual criminal conspiracy need not be charged. *United States v. El-Mezain*, 664 F.3d 467, 502 (5th Cir. 2011). All that is required is a "joint undertaking" or "joint plan" that need not even be criminal in nature. *Id.* (citing *United States v. Holy Land Found. for Relief & Dev.* 624 F.3d 685, 694 (5th Cir. 2010)).

Here, all four requirements are met. The Government accuses Daniel Robert of working with his Co-defendants to threaten, intimidate, or corruptly persuade the testimony of M.M. and L.R. [3] at 1-2. Robert admits that the recordings are statements of his Co-defendants. [74] at 5. The Government contends that Daniel Robert initiated these calls, and his voice is identifiable from the recordings. [78] at 10. Further, Robert calls the statements "jailhouse audio recordings." [74] at 5. Of the Co-defendants, the record before the Court reflects only Daniel Robert was incarcerated during the relevant time. The Government represents that the recordings detail discussions among the three Defendants about improperly influencing witnesses M.M. and L.R. [78] at 9-10. The recordings therefore suggest the existence of a conspiracy and include statements Robert's Co-defendants made during the course and in furtherance of the conspiracy.

Although the Court's independent evaluation of the recordings may be necessary to evaluate Robert's Sixth Amendment claim at trial for admissibility purposes, the Court finds that, at this stage, Robert does not establish that these

recordings will compromise his rights under the Confrontation Clause as needed to justify a severance. The Court denies Robert's Motion to Sever [74].

III.    Discovery Motions [75] [76]

Robert's remaining two motions involve discovery requests. First, in his Motion to Compel [75], Robert requests the unredacted 302 reports of the witnesses the Government intends to call against him at trial. Second, in his Motion for Supplemental Discovery [76], Robert asks for the trial transcript from his previous case, *United States v. Robert*, 3:14-cr-11-DPJ-LRA.

The Discovery Order obligated the Government to produce "any evidence described in Fed.R.Crim.P. Rule 16(a)(1), which the United States Attorney intends to offer in evidence during its case in chief" and all *Brady*[4] exculpatory material by December 19, 2021, thirty days after the order. [13] at 2. The Order explicitly excludes witness statements from this production deadline. *Id.* The Government is also required to produce the following at least five calendar days before trial:

> (1) a list of prospective witnesses expected to be used in the United States Attorney[']s case in chief; (2) all statements of such witnesses as defined in Rule 26.2, Fed.R.Crim.P. and Section 3500(e), Title 18, United States Code . . . ; (3) the general nature of any evidence of other crimes, wrongs, or acts intened to be introduced at trial pursuant to Rule 404(b), Fed.R.Evid.; and (4) Giglio[5] impeachment material of which the United States Attorney is aware . . . .

*Id.*

---

[4] *Brady v. Maryland*, 373 U.S. 83 (1963).
[5] *Giglio v. United States*, 405 U.S. 150 (1972).

A.      Motion to Compel [75]

In his Motion to Compel, Robert seeks the unredacted 302 reports of the witnesses the Government intends to present at trial. Under the Discovery Order, the Government need not produce any witness information until five days before trial. [13] at 2. The Government produced the redacted 302 reports of its witnesses with identifying information redacted as a courtesy to the defense well before this deadline. It does not have to turn over the unredacted 302 reports until five calendar days before trial, and Robert presents no compelling reason why the Court should require the Government to produce this information earlier. The Court therefore denies the Motion to Compel [75].

B.      Motion for Supplemental Discovery [76]

In his Motion for Supplemental Discovery, Robert seeks the trial transcript of his previous case, *United States v. Robert*, 3:14-cr-11-DPJ-LRA. This trial transcript is a public record Robert can obtain without the Government's aid. Robert presents the Court with no explanation as to why he or his counsel cannot obtain this transcript from the court reporter, nor does he provide any legal authority which obligates the Government to provide it to him. For these reasons, the Court denies the Motion for Supplemental Discovery [76].

IV.    Conclusion

The Court has considered all the arguments set forth by the parties. Those arguments not addressed would not have changed the outcome of the Court's decision.

For these reasons, the Court DENIES Robert's Motion to Sever [74], Motion to Compel Unredacted 302s [75], and Motion for Supplemental Discovery [76].

SO ORDERED this the 15th day of June, 2021.

*/s Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE