UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                        CRIMINAL NO. 3:19-CR-260-KHJ-LGI

DALISHA ROBERT

ORDER

Before the Court is Defendant Dalisha Robert's Motion to Dismiss for
Selective Prosecution [111]. For the following reasons, the Court denies the motion.

I.      Facts and Procedural History

From 2018 to 2019, Daniel Robert was awaiting trial at the Madison County
Detention Facility. Resp. [112] at 1. While awaiting trial, Daniel made multiple
phone calls to Dalisha (his sister), Danita Robert (his niece), and unknown
individuals. *Id.* During these phone calls, Daniel allegedly communicated his plan to
obstruct justice by seeking to affect the testimony of Government witnesses who he
expected to testify against him. *Id.* Dalisha allegedly assisted Daniel in his plan by
connecting unknown individuals with Daniel on three-way calls. *Id.* Dalisha would
do the same with calls to Danita. *Id.*

On November 6, 2019, Daniel, Dalisha, and Danita were indicted in a two-
count indictment—each for the offense of obstructing justice in violation of 18
U.S.C. § 1512(b)(1) and (2). *See* Indictment [3]. Dalisha now moves to dismiss the
indictment on the grounds of selective prosecution. [111]. Alternatively, Dalisha
moves for discovery on her claim and requests an evidentiary hearing. *Id.*

II.    Analysis

    a.  Selective Prosecution

"The Attorney General and United States Attorneys retain broad discretion to enforce the Nation's criminal laws." *United States v. Armstrong*, 517 U.S. 456, 464 (1996) (citing *Wayte v. United States*, 470 U.S. 598, 607 (1985)) (internal quotations omitted). But the equal protection component of the Fifth Amendment Due Process Clause imposes a constitutional constraint on a prosecutor's discretion. *Id.* This constraint mandates that the decision whether to prosecute may not be based on "unjustifiable standard such as race, religion, or other arbitrary classification." *Id.* (quoting *Oyler v. Boles*, 368 U.S. 448, 456 (1962)). To overcome the presumption that the Government decided to prosecute in good faith and in a nondiscriminatory manner, a defendant must present "clear evidence to the contrary." *Id.* at 465; *see also United States v. Hoover*, 727 F.2d 387, 389 (5th Cir. 1984). The claimant must show both "that the federal prosecutorial policy had a discriminatory effect and that it was motivated by a discriminatory purpose." *Armstrong*, 517 U.S. at 465 (citations omitted).

To establish discriminatory effect in a race case, the claimant must make a prima facie showing that similarly situated individuals of a different race were not prosecuted. *Id.* Once this showing is made, the claimant must establish discriminatory purpose by "demonstrat[ing] that the discriminatory selection of him for prosecution is invidious or in bad faith, in that it rests on such impermissible considerations as race, religion, or the desire to prevent his exercise of his

2

constitutional rights." *United States v. Webster*, 162 F.3d 308, 334 (5th Cir. 1998) (citations omitted).

As to discriminatory effect, Dalisha argues that the Government is prosecuting her because of her familial relationship with Daniel, while other unidentified, co-conspirators have not been charged or indicted. [111] at 2. Dalisha points to an unidentified individual, who the Government has not charged, arguing that this individual is more culpable and is similarly situated to her. *Id.* The Government responds that Dalisha makes general accusations and presents a comparator who is not similarly situated. [112] at 5–6. While the Government is aware of other individuals who are involved in the alleged scheme, it does not know the identity of such individuals, and therefore "[n]o comparison, whether along racial lines or otherwise, can be completed". *Id.* at 5. The Government additionally contends that a selective prosecution claim cannot be based on a familial relationship. *Id.* at 6–7.

Dalisha has not made a prima facie showing of discriminatory effect. First, providing one comparator is not enough to present "clear evidence" of discrimination. *See Armstrong*, 517 U.S. at 465. Many Fifth Circuit cases addressing selective prosecution claims have compared the claimant with multiple comparators, sometimes hundreds, to make the requisite findings this Court must make. *See, e.g., Jackson v. City of Hearne, Tex.*, 959 F.3d 194, 202 (5th Cir. 2020) (defendant provided four comparators); *United States v. Hoover*, 727 F.3d 387, 389 (5th Cir. 1984) (defendant provided 300 comparators). In fact, the comparator is

unidentified, so the Court cannot ascertain whether this comparator is similarly situated to Dalisha. Second, just because the unidentified individual would have been charged with a similar crime as Dalisha does not mean they are similarly situated. *See In re U.S.*, 397 F.3d 274, 285 (5th Cir. 2005) ("sharing a charge alone does not make defendants 'similarly situated' for purposes of a selective prosecution claim.").

Finally, prosecuting an individual based on a familial relationship does not rise to the level of unconstitutional selective prosecution. *See United States v. Valdez*, No. 6:06-60074-07, 2011 WL 7143468, at *16 (W.D. La. Dec. 30, 2011) (defendant failed to make a prima facie case of selective prosecution because he argued he was treated differently based on his familial status and not his race). Dalisha's claim is not based on "an unjustifiable standard such as race, religion, or other arbitrary classification," but rather her familial relationship with Daniel. *Armstrong*, 517 U.S. at 465. Accordingly, Dalisha cannot establish a prima face case of selective prosecution, and the Court need not consider whether she established that the Government was motivated by discriminatory intent. The motion is therefore denied.

b. Discovery

Before a defendant is entitled to discovery, she must establish a prima facie case of selective prosecution. *In re U.S.*, 397 F.3d 274, 284 (5th Cir. 2005). Because Dalisha did not make a prima facie showing, she is not entitled to discovery for her selective prosecution claim. *See United States v. Johnson*, 577 F.2d 1304, 1310 (5th

4

Cir. 1978) ("Since [the defendant] did not make a prima facie showing that he was singled out for prosecution, he did not establish the materiality of the evidence sought and, consequently failed to establish his colorable entitlement to discover it.").

        c.   Evidentiary Hearing

"A defendant is not automatically entitled . . . to an evidentiary hearing to make the required showing" of a selective prosecution claim. *United States v. Hayes*, 589 F.2d 811, 819 (5th Cir. 1979). Rather, a defendant must present facts "sufficient to create a reasonable doubt about the constitutionality of a prosecution . . ." *Id*. Because Dalisha has not made a prima facie case of selective prosecution, the Court denies her request for an evidentiary hearing. *See United States v. Cook*, 52 F.3d 101, 106 (5th Cir. 1995) (defendants "inability to make even a colorable claim of selective prosecution accordingly bars his related requests for . . . an evidentiary hearing); *United States v. Jennings*, 724 F.2d 436, 446 (5th Cir. 1984) (no abuse of discretion in denying evidentiary hearing on selective prosecution in absence of prima facie case of selective prosecution).

   III.   Conclusion

     The Court has considered all the arguments set forth by the parties. Those arguments not addressed would not have changed the outcome of the Court's decision. For these reasons, the Court DENIES Dalisha's Motion to Dismiss for Selective Prosecution [111].

SO ORDERED, this the 31st day of May, 2022.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE