UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                           CAUSE NO. 3:19-CR-260-KHJ-LGI

DANIEL ROBERT;
DALISHA ROBERT;
DANITA ROBERT

AMENDED ORDER

Before the Court are Defendant Daniel Robert's Motions in Limine [91] & [92]. For the following reasons, the Court denies the motions.

I.  Facts and Procedural History

From about July 2018 to January 2020, Daniel Robert allegedly engaged in an organized and intentional effort to obstruct justice by seeking to influence the testimony of Government witnesses who he expected to testify against him. Resp. [104] at 1. During this period, Daniel was detained at the Madison County Detention Facility, awaiting trial for another criminal matter. *Id.* While detained, Daniel allegedly spoke with Danita Robert (his sister), Dalisha Robert (his niece), and other unknown individuals over the phone, discussing his intent to persuade Government witnesses not to testify against him. *Id.*

The Madison County Detention Facility uses a telephone system in which each inmate is given a personal identifying number ("PIN"). *Id.* Daniel allegedly used other inmates' PINs when he made calls discussing his plans to undermine the

Government witnesses' expected testimony. *Id.* at 1–2. He used the PINs of other inmates who had lesser charges because he believed that it was less likely the detention facility would review those calls. *Id.* at 2.

On November 6, 2019, Daniel, Dalisha, and Danita (collectively "Defendants") were indicted in a two-count indictment—each for the offense of violating 18 U.S.C. § 1512(b)(1) and (2). Count 1 alleges that "[o]n or about September 25, 2018 through August 4, 2019" Defendants "knowingly, attempt[ed] to threaten, attempt[ed] to intimidate[,] and attempt[ed] to corruptly persuade M.M. . . for the purpose of instructing M.M. to testify falsely, refuse to testify, or fail to appear as a witness, with the intent to influence or prevent the testimony of M.M. in an official proceeding, to wit: the trial of [Daniel]. . . ." Indictment [3] at 1. Count 2 alleges that "[o]n or about September 25, 2018 through May 23, 2019" Defendants "knowingly, attempt[ed] to threaten, attempt[ed] to intimidate[,] and attempt[ed] to corruptly persuade L.M. . . for the purpose of instructing L.M. to testify falsely, refuse to testify, or fail to appear as a witness, with the intent to influence or prevent the testimony of L.M. in an official proceeding, to wit: the trial of [Daniel]. . . ." *Id.* at 2.

The Government intends to introduce in its case-in-chief more than two dozen recordings of phone calls Daniel made to Danita, Dalisha, Talisha Shannon, and unknown individuals. [91] at 2. The calls include statements by Daniel about his knowledge of the upcoming trial, the witnesses he believes may testify against him, and his intention to either intimidate those witnesses or alter or prevent their

testimony. [104] at 2. The Government argues that the calls document the substantial steps Dalisha and Danita took to help Daniel obstruct justice. *Id.*

Daniel now moves to exclude recordings that pre-date and post-date the alleged period specified in the indictment during which witness intimidation allegedly occurred under Rule 403 of the Federal Rules of Evidence as unduly prejudicial. [91] at 1–2. He also moves to exclude the recordings asserting that they are inadmissible hearsay and will violate his constitutional right to confrontation under the Sixth Amendment. [92] at 2.

The Court held a hearing on the motions in limine and asked the parties to confer and try to work out any objections to the jail recordings. Minute Entry dated 2/17/22. The Court further instructed the parties to send any remaining objections to the Court. The parties conferred and supplied the Court will the remaining outstanding objections. *See* Attachment 1.

II.  Motion in Limine [91]

Daniel moves to exclude recorded phone calls that fall outside dates which the indictment charges that illegal conduct occurred. [91] at 2. Danita joins the motion. Joinder in Mot. in Limine [110]. Daniel cites to Rule 403, stating that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." [91] at 2 (quoting Fed. R. Evid. 403). Daniel argues that the Government had the ability to seek a superseding indictment, presumably to adjust

the dates, but it did not. *Id.* Thus, he asserts, the pre and post-date alleged offenses are unfairly prejudicial and "needless[ly] cumulative evidence." *Id.*

The Government contends that certain calls it seeks to introduce, which are outside the time periods stated in the indictment, are intrinsic evidence of the charged crimes because the calls "contain statements that are inextricably intertwined" with the charged crimes, or "are part of a single criminal episode." Resp. [98] at 4–5. And the Government maintains that it has latitude in introducing evidence that relates to events that occurred "on or about" the dates specified in the indictment. *Id.* at 6.

Evidence of other acts should be evaluated to determine whether such evidence is intrinsic or extrinsic. *United States v. Coleman*, 78 F.3d 154, 156 (5th Cir. 1996). Evidence is considered intrinsic "when it and evidence of the crime charged are inextricably intertwined, or both acts are part of single criminal episode, or it was a necessary preliminary to the crime charged." *Id.* (citation omitted). "This evidence is admissible to complete the story of the crime by proving the immediate context of events in time and place" and to "evaluate all of the circumstances under which the defendant acted." *Id.* (citing *United States v. Kloock*, 652 F.2d 823, 825 (5th Cir. 1981)); *United States v. Randall*, 887 F.2d 1262, 1268 (5th Cir. 1989). Importantly, intrinsic evidence does not implicate Rule 404(b). *Coleman*, 78 F.3d at 156.

Here, the few calls outside the indictment range[1] are intrinsic evidence because they are inextricably intertwined with the charged crime and part of a single criminal episode. The Government seeks to introduce Daniel's various statements about his concern over M.M. and L.R.'s testimony, his conversations with Dalisha and Danita about the need to alter or eliminate those witness's testimony, and his references to his upcoming trial, which occurred before, during, and after the period stated in the indictment. [98] at 4–5. These calls are inextricably intertwined with the charged offense of violating § 1512(b)(1) and (2) and will aid the Government in establishing the elements of such offense by "proving the immediate context of events in time and place." *Coleman*, 78 F.3d at 156.

Additionally, because the case involves attempted obstruction of justice, the Government seeks to introduce "[e]vidence in the form of various contacts that Dalisha Robert and Danita Robert made with L.R. and M.M.", which are outside the indictment period. [98] at 5. These calls are also inextricably intertwined with the attempted obstruction of justice at issue because "such contact constitutes a substantial step toward the commission of that crime." *Id.* And, again, these calls will help the Government establish the charged crime.

The calls outside the indictment period and the charged crimes are also part of a single criminal episode. Daniel communicated his intentions and overall scheme, as well as his knowledge of the upcoming criminal proceedings against him,

---

[1] Calls 2772047, 2793059, 2817697, and 2821153 are outside the indictment period, with the last one occurring on January 18, 2020.

during calls dating from July 2018 through January 2020. Accordingly, the calls outside the indictment period are intrinsic to the charged crimes.

Finally, even if the calls were not intrinsic, Defendants have not shown that the probative value of this evidence is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. "[W]hen the indictment uses the 'on or about' terminology employed in this case, the prosecution is not obligated to prove the precise date of the offense." *United States v. Hernandez*, 962 F.2d 1152, 1157 (5th Cir. 1992). Additionally, when "[a]n allegation as to the time of the offense is not an essential element of the offense charged in the indictment[,] within reasonable limits, proof of any date before the return of the indictment and within the statute of limitations is sufficient." *United States v. Lokey*, 945 F.2d 825, 832 (5th Cir. 1991) (cleaned up) (holding that the district court did not err in admitting evidence that proved a conspiracy existed before the date charged in the indictment).

The calls that occurred outside the date range specified in the indictment are not unfairly prejudicial to the Defendants because the indictment reads "on or about" the date range, and the calls the Government seeks to introduce are within the statute of limitations of the offense charged. [3] at 1–2. The Court is not precluded from allowing these calls from being entered into evidence. *See Lokey*, 945 F.2d at 832. The motion is therefore denied.

6

III.   Motion in Limine [92]

Daniel also moves to exclude recorded phone calls involving unknown individuals asserting that they are impermissible hearsay. [92] at 2. Danita joins the motion. [110]. The Government responds that the statements made by the unknown individuals are not hearsay because they are not offered for the truth of the matter asserted, but the "statements are offered as statements of the unknown declarant's state of mind." [104] at 4–5. The Government also argues the statements are admissible as non-hearsay statements of co-conspirators. *Id.* at 5. Lastly, the Government contends the statements fall within the present sense impression and then-existing state of mind hearsay exceptions. *Id.* at 4.

The Court finds the statements will not violate the ban on hearsay. Hearsay evidence is generally inadmissible. *See* Fed. R. Evid. 802. But an out-of-court statement offered for a purpose other than the truth of the matter asserted is not hearsay. *See* Fed. R. Evid. 801(c)(2); *United States v. Polidore*, 690 F.3d 705, 720 (5th Cir. 2012). Some calls are offered to show "verbal acts" or the effect of Daniel's statements on the listener, which are permissible as non-hearsay. *See United States v. Alvarez*, 584 F.2d 694, 697 (5th Cir. 1978) ("witness[es] [may] testify to the fact that an out-of-court conversation occurred rather than to the truth of matters asserted therein") ("[t]he verbal acts doctrine permits a witness to testify to the fact that an out-of-court conversation occurred rather than to the truth of the matters asserted therein.").

And the statements are non-hearsay co-conspirator statements under Rule 801(d)(2)(E). Under the Rule, statements "made by a coconspirator of a party during the course and in furtherance of the conspiracy" are admissible as non-hearsay. *United States v. Fernandez-Roque*, 703 F.2d 808, 811 (5th Cir. 1983) (quoting Fed. R. Evid. 801(d)(2)(E)). "[T]he proponent of admittance must prove by a preponderance of the evidence (1) the existence of the conspiracy[,] (2) the statement was made by a co-conspirator of the party, (3) the statement was made during the course of the conspiracy, and (4) the statement was made in furtherance of the conspiracy." *United States v. Cornett*, 195 F.3d 776, 782 (5th Cir. 1999). The statement itself must be considered but cannot by itself establish "the existence of the conspiracy or participation in it." *United States v. Nelson*, 732 F.3d 504, 516 (5th Cir. 2013) (quoting Fed. R. Evid. 801(d)(2)). There must be "independent evidence" establishing the conspiracy. *Id.* (citing *United States v. El-Mezain*, 664 F.3d 467, 502 (5th Cir. 2011)).

As independent evidence of a conspiracy, the Government points to calls between Daniel, Danita, and Dalisha, paired with AT&T phone records identifying calls made by Dalisha and Danita at times that coincide with their conversations with Daniel, and the fact that M.M. and L.R. are Government witnesses. [104] at 4. This is sufficient independent evidence to show a conspiracy. The Government also shows by a preponderance of the evidence the remaining requirements for the exception to apply, and therefore the statements are non-hearsay under Rule 801(d)(2)(E).

Lastly, the statements fit into the then-existing mental, emotional or physical condition exception to the extent that they express the intent and plan of the caller to intimidate Government witnesses. *See* Fed. R. Evid. 803(3) (exception to hearsay ban includes "statement[s] of the declarant's then-existing state of mind (such as motive, intent, or plan)"). Due to several exceptions, the recorded phone calls do not violate the ban on hearsay.

The Defendants also object to the admission of several phone call recordings asserting that it will violate their Sixth Amendment right to confront the witnesses under *Bruton v. United States*, 391 U.S. 123 (1968). *See* [92] at 3; Attachment 1 to Order. The Government argues that because the statements are not testimonial, Defendants' Sixth Amendment right to confront and cross examine witnesses will not be violated. [104] at 11.

The Court finds admission of the statements will not violate Defendants' Sixth Amendment rights. The Sixth Amendment Confrontation Clause provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with witnesses against him. . . ." U.S. Const. Amend. VI. In *Bruton v. United States*, the Supreme Court held that a defendant's Confrontation Clause rights was violated by the admission of a non-testifying co-defendant's confession that directly implicated the defendant in the criminal act, even with a limiting instruction given to the jury. 391 U.S. at 126. But the scope *Bruton* is limited. In *Richardson v. Marsh*, the Supreme Court clarified that a non-testifying co-defendant's confession was constitutionally admissible when it was redacted to

9

include references only to the non-testifying co-defendant and a third person, not the defendant, and the trial court gave a limiting instruction. 481 U.S. 200, 203 (1987). But admitting the confession of a non-testifying co-defendant that would only implicate the defendant when added to other trial evidence does not violate *Bruton*. *Id.* In other words, "any implication of the defendant in the admitted statement required linkage with other trial evidence." *United States v. Powell*, 732 F.3d 361, 377 (5th Cir. 2013) (citing *Richardson*, 481 U.S. at 203)).

Later, the Supreme Court decided *Crawford v. Washington*, which held that the Sixth Amendment bars the admission of "testimonial statements of a witness who did not appear at trial unless he was available to testify, and the defendant had [] a prior opportunity for cross examination." 541 U.S. 36, 53–54 (2004). The Supreme Court defined "testimony" as "[a] solemn declaration or affirmation made for the purpose of establishing or proving some fact." *Id.* at 51. This includes statements during interrogations by law enforcement officers and any "statement[] . . . made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." *Id.* at 52. Following *Crawford*, the Supreme Court adopted the "primary purpose" test for determining the testimonial nature of statements. *See Davis v. Washington*, 547 U.S. 813, 822 (2006). Under this test, a statement is testimonial if its "primary purpose . . . is to establish or prove past events potentially relevant to later criminal prosecution." *Id.*

Here, the calls between Daniel, Danita, and Dalisha present no *Bruton* issues. The statements made during the phone calls are not testimonial and *Bruton* only applies to testimonial statements. *See United States v. Vasquez*, 766 F.3d 373, 379 (5th Cir. 2014). Co-conspirator statements made during the course and in furtherance of a conspiracy are not testimonial. *See United States v. Ayelotan*, 917 F.3d 394, 404 (5th Cir. 2019) (citing *United States v. Jackson*, 636 F.3d 687, 692 (5th Cir. 2011)). The Government intends to introduce the calls between Daniel, Dalisha, and Danita, along with AT&T phone records, to prove that a conspiracy exists. [104] at 4. Such evidence is adequate to show a conspiracy, which need be proven only by preponderance of the evidence. *See United States v. Hemming*, 592 F.2d 866, 869–71 (5th Cir. 1979).

Additionally, even if the statements were not made by a co-conspirator during the course and in furtherance of a conspiracy, they still do not fall into the list of statements contemplated by *Crawford* as testimonial. The statements were not made during interrogations by any law enforcement officers, and Daniel never intended for the conversations to be played in the courtroom and none of the statements were made in anticipation of later criminal prosecution. *See* [104] at 11.

Lastly, the alleged confessions do not directly or obviously implicate any of the Defendants, as required for *Bruton*. It is not enough if the co-defendant's statement merely provides "evidentiary linkage." *Richardson*, 481 U.S. at 208. Instead, the co-defendant's confession must "expressly implicate" the defendant as his or her accomplice. *Id*. This is not the case here. None of the calls directly state

11

any Defendants' name or reference the existence of the Defendants in connection with any sort of confession. In fact, many of the statements themselves are steps in furtherance of the criminal act. In sum, there are no Sixth Amendment violations under *Bruton*.

Likewise, Defendants' Sixth Amendment right to confront the witnesses against them will not be violated by the admission of certain phone calls between the Defendants, Talisha Shannon, or other unknown individuals. For the same reasons, the statements are not testimonial in nature. Accordingly, Confrontation Clause will not be violated by introduction of the phone calls. The Court therefore denies the motion.

The Government will be allowed to use the following phone calls in its case-in-chief, provided a proper foundation is laid to include presenting independent evidence to show a conspiracy:

- 1486413
- 1486592
- 1496294
- 1496469
- 2034649
- 2298992
- 2155333
- 2302372
- 2333580
- 1455482
- 1456847
- 1488718
- 2048486
- 2345083
- 2142375
- 1265175
- 1552417
- 1681720

12

- 2370823
- 1550628
- 1801549
- 1802511
- 2821153
- 2772047
- 2817697
- 2793059
- 1445564
- 1446277

The Government has indicated that it will not introduce the following phone calls in its case-in-chief:

- 1433985
- 1707436
- 2751192
- 2768866
- 2782462
- 2840334

IV.  Conclusion

The Court has considered all the arguments set forth by the parties. Those arguments not addressed would not have changed the outcome of the Court's decision. For these reasons, the Court DENIES Robert's Motion in Limine [91] & [92].

SO ORDERED this the 30th day of June, 2022.

/s *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE